IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

FILED
AUG 23 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

CASE NO# 3:22 CV 1498

DAYMON L. HAISLIP,
Inmate #787-181
North Central Corr. Complex
P.O. Box 1812
Marion OH 43301

PLAINTIFF

V.

Management and Training Corporation
Warden, Tom Watson
North Central Correctional Complex,
670 Marion- Williamsport RD East
P.O. BOX 1812
Marion, Ohio 43301-1812

DEFENDANTS, ET al.,

* TRIAL CASE NO# CRI 21-500-012/ CRI 21-500-031
JUDGE **JUDGE HELMICK**

* CIVIL COMPLAINT FOR DEPRIVATION OF RIGHTS

**MAG JUDGE CLAY**

* JURY DEMAND

## 42 USCS §1983

DAYMON L. HAISLIP
PLAINTIFF
PRO SE
P.O. Box 1812
Marion, OH 433

MS Shuler
P.O. Box 1812
Marion, OH 43301

Sergeant Brown
P.O. Box 1812
Marion, OH 43301

Lt. Parrish
P.O. Box 1812
Marion, Oh 43301
Defendants

## Civil Complaint

Hereby bring forth this cause action along with specific violations against the actual defendants in which stats the following;

### I. The parties

1. The Plaintiff complaints Daymon L, Haislip here in after referred to as plaintiff in all times relevant and currently an inmate confined at The Ohio Department of Rehabilitation and Correction, and North Central Correctional Complex a plaintiff a victim.
2. Defendant, Management and Training Corporation in all times relevant and currently pursuant to R.C.9.06 operates privately independently from Ohio Department of Rehabilitation and correctional two prisons within the State of Ohio. Specifically, and relevantly North Central Correctional Complex in which defendant employs privately the second defendant in this action and others.
3. Defendant, Parrish, here in after referred to as Lieutenant Parrish and or defendant at all times relevant and currently employed as a Lieutenant Parrish with defendant M.T.C. in which he performs his duty's s privately maintained employed at N.C.C.C pursuant to O.R.C 9.06
4. Defendant, Ms. Shuler, and here in after referred to as Institutional Inspector and or defendant at all times relevant and currently employed as Lori Shuler Intuitional Inspector with defendant M.T.C. in which she performs her duty's s privately maintained employed at N.C.C.C pursuant to O.R.C 9.06.
5. Defendant, Brown, here in after referred to as Sergeant Brown and or defendant at all times relevant and currently employed as a Sergeant of Morrow C/D with defendant M.T.C. in which he performs his duty's s privately maintained employed at N.C.C.C pursuant to O.R.C 9.06

### II. Statement of facts and case

1. April 14, 2022 I Daymon L, Haislip was released with the rest of the Wyandot C/D Dorm to the cafeteria I approach the window Ms. Henry, refused to give me a tray said I already been through, when I stated that's impossible because they just called us for lunch, I repeatedly ask can I get a tray to the point Ms. Shuler literally pointed to get out of the chow hall. Mr. Parrish aggressively grab me from the front of my shirt and asked where was I going I stated I'm going to the captain's office to try and be able to eat because their causing problems for what every reason then Mr. Parrish Stated he was a Captain then I started explaining the situation that the lady always been giving me an ongoing problem, harassing me and not letting me eat today. Then Ms. Shuler comes storming out yelling something then Mr. Parrish told me to cuff up as he puts handcuffs on he places them as tight as possible and I felt excruciating pain as if the handcuffs was tearing into my skin and notice Mr. Parrish was trying to break my wrist and using racial slurs while doing so, it lasted about five to ten minutes while other officers were moving in holding me still while he continued the abused next thing lead to another he then unloaded a can of pepper spray directly into my eyes, while Sergeant Brown was trying to break my other hand and struck me in the stomach, I then started screaming as loud as possible their trying to break my hand then began trying to distinct myself away from the attackers.

2. Major Quintero and CO Lopez came in and stated to calm down I stated I'm not doing anything repeatedly, Quintero then came in and took over the matter, and then other so was put a double set of handcuffs on me because I'm heavy individual, and I can't fit into only one single pair of handcuffs.

3. I then was escorted to medical where I sat for an hour with pepper spray excruciating pain in my eyes, I then began to ask please could somebody loosen up the handcuffs because they hurt really bad from Defendant, Parrish just tried breaking my wrist but Ms. Bloomfield was making fun of me for instance saying that why you got snot coming out of your nose, and that's why you're going to level three I said I don't care I didn't do anything she then said you will when you get there. Then Brown told hear out loud to be quite. They asked me a couple question the wash eye solution then escorted me to T.P.U.

4. I then was placed in the T.P.U. holding cell, Then Sergeant Watson came to me with a paper in his hand, which was an voluntarily statement for the use of force ;this is your version of the story I wrote down exactly what happen and why it started from Ms. Brenner having other officers to retaliate against me, conspiring to harm me, constantly harassing me on a daily basic with comments pertaining to Ms. Brenner conduct report, and what triggered the events and in details to LT. Parrish and officer Brown using excessive use of force, and assaulting me that day and that I'm in excruciating pain due proximate from the use of force they committed. Sergeant Hanna asked me why was I resisting I stated I didn't do anything. Picture of injury [SEE EXHIBIT 1].

5. Then officer Stanley change me out my uniform and my green shirt and shorts that was later reported stolen from T.P.U. property vault I've made I kited I filed out a theft & lost report and nobody knows what happen to my property.

6. Sergeant Spellman read me my conduct report, which I stated I wanted the sergeant clerk Bunkie a.k.a. fortbragg as one of several different witnesses and the video footage to be in my defense stating exactly what had occurred corroborating along with my side of the story I'm telling; their fabricating and justifying their misconduct and later stated that I disrespected Ms. Shuler which she falsifying my disciplinary report, I have witnesses saying different that I didn't disrespect her I showed her right from wrong with my hands gesture saying it's alright for staff to disrespect us by not feeding us I'm writing this up, and walk off she then stops me from doing so then things escalated into me sustaining a severe injurie from the use of force that was conducted. Eye witness's statements [SEE EXHIBIT 2]

7. I filled out a theft and lost report with Sergeant Hailer, because none of my electronics, or clothes listed in my property and I have proof of me just purchasing each items [SEE EXHIBITS 3,4,and 5] attach to show my owner ship, and the video to show footage of my tablet was on my night stand and my T.V was on the desk I filed an theft and lost report, but staff negligently said there isn't anything they can do about but it was retaliation due to the Institutional inspector was the main perpetrator involved in my use of force, I have lengthy Informal complaints and grievances dealing with the situation she lied again and said she interviewed inmates and reminded the cameras said I wasn't in possession of my belonging, but had she done she would see exactly my T.V and JP6 Player were in plain view of the camera and if an inmate would have stolen my belongings they would of went straight to the inmate that was in possession of my belongings, and they allowed inmates to do my pack up which I believe against O.D.R.C policy.[ SEE EXHIBITS 6,7,8 and9]

8. While I was in T.P.U. Ms. Joyce the Deputy warden walk past I talk to her stated that Lt. Parrish Tried breaking my arm she said he didn't try to break your arm, and she said you're in segregation because over a tray in shock to here why I was down. Also I have witnesses' inmate Jay Holiday can verify how much pain I was in while housed in T.P.U. me asking for medical and staff denying me access to prevent from reporting the incident. While I was in T.P.U. SGT. Hailer had to carefully place double set of handcuffs, because my wrist was in so much pain; and C.O. Carpenter was present laughing said yea He intentionally placed a single pair of handcuffs on him on purpose for doing what I did to Ms. Brenner this was while I was in T.P.U., and Lieutenant Bloomfield was present.

9. The director of Central Ohio walks through with the Deputy of Operation, I tried talking to him and inmate Holiday stated are cases, his exact words were "I'm going with whatever their saying "so that let me know he has zero interest in hearing our situation. Then went to R.I.B then was released back on the compound, Mr. Parrish didn't show up for R.I.B hearing and Ms. Bloomfield never made effort in gathering any of my Witnesses and gave her version of scenarios of what if in fabricated my R.I.B hearing, they have been prejudice and un fair in my procedure and me and Ms. Bloomfield had a conflict of interest, in medical 4-14-2022, because I said I'm following a lawsuit on what yawl just did to me then she laughs and said I bet I won't. C.O Carpenter again said that what's wrong with my hand in R. D while C.O. Zeigler was present I explained that I almost had it broke by LT. Parrish Carpenter stated he loves LT. Parrish for his careless acts.

10. Ms. Shuler refuses to hand over the grievances I kited her numerous times she is prejudiced towards me and refuses, negligent appropriate duties for me even if staff is in the wrong she turns around and find a way to deny me services, as she has a duty to perform she fails in addressing the situations. [SEE EXHIBITS 10 & 11]

11. Haislip, once able and timely, filed a grievance as to the use of force and property issues with the institution.

### III. CLAIMS CHARGED

#### A. CLAIMS CHARGED UNDER 42 U.S.C. §1983

#### 1: VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

-Defendant, Management and Training Corporation ("MTC"), by and through their employees, and or Defendant, Lori Shuler, with reckless disregard for the Plaintiffs health, safety, and condition, and with malicious intent, ordered and or placed the Plaintiff into segregation, and or "TPU", within the institution, for a period of ten (10) days, based upon the event described in Ground I, as a form of punishment upon the Plaintiff herein, in which such conduct is not something today's society would tolerate.

#### 2: VIOLATION OF THE EIGHT AMENDMENT TO THE UNITED STATES CONSTITUTION.

-Defendant s, Management and Training Corporation ("MTC"), by and through its employee's and or Defendant, Lieutenant Parrish, and or Defendant Sergeant Brown, on this 14th day of April, 2022, Negligently and or with a reckless disregard for the plaintiff's safety, health, and life, and with a foreseeable injury committed the act of Assault and Battery, and or Excessive use of force, subdued

the plaintiff with handcuffs and tried breaking his arm and Excessively spraying the officer "O.C." spray after the plaintiff was subdued and complying with officers and sprayed upon the plaintiff face, eyes, and mouth without any reasonable or sufficient cause to warrant such conduct and punch the plaintiff body in which resulted in injury upon the plaintiff, both acts were malicious intent, causing plaintiff to be unable to breathe, defend himself, emotional distress, and pain when such action and or conduct is not within the defendant's scope of employment , and is not an action in which today's society would tolerate. [SEE EXHIBIT 12,13, AND 14]

### B. CLAIMS CHARGED UNDER REVISE CODE §2921.45,

#### 1: DEPRIVATION AND OR INTERFENCE WITH PLAINTIFF OHIO COSTITUTIONAL RIGHTS.

-Defendant, Management and Training Corporation, by and through their employees, and or Defendants, LT. Parrish, and SGT. Brown, deprived and or interfered with the plaintiff's United States Constitutional right and safeguard to be free from cruel and unusual punishment, as provided by article I, section 9.

#### 2: DEPRIVATION AND OR INTERFENCE WITH PLAINTIFF OHIO CONSTITUTIONAL RIGHTS.

-Defendant, Management and Training Corporation, by and through their employees, and or Defendant, Lori Shuler, deprived and or interfered with the plaintiffs United States Constitutional right and safeguard to be free from cruel and unusual punishments, as provided by article I, section 9.

#### 3: DEPRIVATION AND OR INTERFENCE WITH PLAINTIFF U.S. COSTITUTIONAL RIGHTS.

-Defendant, Management and Training Corporation, by and through their employees, and or Defendants, LT. Parrish, and SGT. Brown, deprived and or interfered with the Plaintiff's Ohio Constitutional right and safeguard to be free from cruel and unusual punishments, as provided by the Eight Amendment.

#### 4: DEPRIVATION AND OR INTERFENCE WITH PLAINTIFF U.S. COSTITUTIONAL RIGHTS.

-Defendant, Management and Training Corporation, by and through their employees, and or Defendant, Lori Shuler, deprived and or interfered with the plaintiffs United States Constitutional right and safeguard to be free from cruel and unusual punishments, as provided by the Eight Amendment.

### C. CLAIMS CHARGED UNDER OHIO COMMON LAW.

#### 1: ASSAULT AND BATTERY

-Defendant, Management and Training Corporation ("MTC"), by and through its employee's, and or Defendants, Officer Parrish, and or Defendant Officer Brown, on this 14th day of April 2022, with malicious intent, breached a duty owed upon the Plaintiff herein as an inmate of the state of Ohio, by assaulting and or battering the Plaintiff, and or using excessive force when such conduct was not warranted and justifiable based upon the facts circumstances therein, in which such resulted in a legally

recognizable injury to the plaintiff, but for the defendant's conduct, plaintiff in-fact would not receive such injury.

### 2: NEGLIGENCE

-Defendant s, Management and Training Corporation ("MTC"), by and through its employee's and or Defendant, Officer Parrish, and or Defendant Sergeant Brown, on this 14th day of April, 2022, with malicious intent, breached a duty owed upon the Plaintiff herein as an inmate of the State of Ohio, by assaulting and or battering the Plaintiff, and or using excessive force when such conduct was not warranted and or justifiable based upon the facts and circumstances therein, in which resulted in a legally recognizable injury to the plaintiff, but for the defendant's conduct, Plaintiff in fact would not have received such injury.

### 3: NEGLIGENCE (Defendant Lori Shuler)

-Defendants, Management and Training Corporation ("MTC") , by and through Defendant, Lori Shuler, negligently breached a duty of care owed upon the plaintiff, by failing to act when presented with conduct and or actions of other employee's and or Defendants listed herein of Management and Training Corporation in which said conduct and or actions resulted in injury upon the plaintiff herein, to Wit: Defendant, Shuler, was present during the Assault and or battery, use of excessive force, and negligence, committed herein this action by the Defendant's listed herein, resulting in injury(s) to the plaintiff.

### 4. FRUADENLENT MISREPRESENTAION

-Defendant, Management and Training Corporation ("MTC") and or its employee-defendant herein, Lori Shuler, misrepresented material facts and or conditions, with knowledge that they are false and or with reckless disregard for the truth, with an intent for others to rely upon such fact and condition, wherein another had has in fact relied upon such fraud and or misrepresentation to render their decision; to wit, Defendant, Lori Shuler, misrepresented the Plaintiff's actions, conduct, and the incident itself within a Summary Report and or statement made within an institutional Infraction Report, by claiming the Plaintiff herein had called the Defendant, Shuler, a "bitch" when such conduct never occurred, thus this Institutional Rules Infraction Broad ("RIB") relied upon such fraudulent misrepresentation by the Defendant to render its decision of placing the Plaintiff into segregation, and or "TPU" ("THE HOLE"), for an aggregate period of 10-days as to the instant event described. Resulting, and or further injury.

## IV. EXHAUSTION OF REMEDY'S

### A. AS TO ASSUALT AND BATTERY RELATED CLAIMS

1: May 1st, 2022, Plaintiff filed an institutional complaint with NCCC claiming assault, and Excessive use of force by Officer Brown and Lieutenant Parrish outside of the cafeteria.

2: May 2nd, 2022, the complaint was escalated to a Grievance due to the complaint being denied on May 2nd, 2022, Ms. Shuler stated my complaint is not a grievable issue.

3: May 2nd, 2022, Plaintiff escalated the grievance to an appeal as the grievance was denied on May 2nd, 2022, Ms. Shuler denied my grievance said it's not a grievable matter and the offices will not take further action.

4: May 2nd, 2022, Escalated to Appeal-Plaintiff it's okay for staff to physically assault me but nobody wants to do anything.

5: May 31, 2022, Chief Inspector affirmed the reviewing denied my appeal and stated this office will take no further action.

### B. AS TO CLAIMS RELATED TO PROPERTY DAMAGE OR DESTROYED BY STAFF

1: April 30th, 2022, Plaintiff filed an intuitional complaint with NCCC claiming property lost, damage, negligence by staff
2: May 1st, 2022, Institutional Inspector gave me warnings, tried placing me on grievance restriction through if approved by Columbus
3: May 10th, 2022 Plaintiff grievance escalated to appeal
4: May 11th, 2022 institutional inspector told me to wait 14 days to respond to my grievance, that my grievance is being investigated. Denied my grievance, stated this office will take no further actions.
5: May 15th, 2022 Plaintiff appealed the decision
6: June 9th, 2022 Chief of inspector Disposition was Affirmed.
7: Plaintiff filed numerous direct grievances against the Institutional Inspector Lori Shuler which she refuses to supply Plaintiff with copies of grievances to show the courts, but has exhibits that show him making several attempts to comply with D.R.C policies and communicate with the institutional inspector. Finally, after submitting yet another direct grievances on the institutional inspector yet a difficult and embarrassing appointment she ended up supplying me with copies of the references a month later and stated she's listening to my phone calls trying to intimidating a victim of a crime and I have attach hereto these documents me contacting the Investigator Mr. Anthony and trying to file criminal charges on staff [SEE EXHIBITS 15 and 16] please and thank you.

*please note, said complaints and attached hereto*

## V. DEMAND FOR JUDGMENT

PLAINTIFF, Daymon L. Haislip, hereby demands judgment in his favor against, the Defendants MTC, and or the defendants jointly served, for an amount exceeding $25,000 (Civ.R 8), cost of the case and not limit to the following relief;

1. Punitive damages, in excess of $25,000,
2. Compensatory damages, in excess of $25,000, including but not limited to, mental anguish, economic/non-economic damages, humiliation, body pain, and more
3. Nominal damages, in excesses of $25,000,
4. Exemplary Damages, in Excess of $25,000,
5. Any and all special damages, in Excess of $25,000.00,
6. Interest at the statutory rate,
7. Cost of the case, Fees, deposits, appeals, etc.,
8. Plaintiff demands a jury trial, and
9. Ant further relief this court deems just and proper.
10. Injunctive relief ask to please preserve the video footage which will support my allegation and claims for the excessive use of force, and or assault, and or battery, and or negligence.
11. Any future compensatory damages incurred as expenses as a proximate cause of the injury.

Pursuant to Ohio Civil Rule 11, I, Plaintiff, Daymon L, Haislip, bring forth this cause of action in good faith, with undue delay, and believe there is sufficient grounds to support this complaint.

RESPECTFULLY SUBMITTED,

Daymon L, Haislip, Pro-se,
Plaintiff-Claimant
NCCI# A787-181
P.O. BOX 1812
Marion, Ohio 43301-1812.

17