UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Daymon L. Haislip,                                    Case No. 3:22-cv-1498

          Plaintiff,

v.                                                    ORDER

Management and Training
Corporation, et al.,

          Defendants.

After reviewing Plaintiff's March 27, 2023 Letter, (Doc. No. 16), and Defendants' June 15, 2023 Status Report, (Doc. No. 17), I hereby order the following:

1.) <u>Initial Disclosures</u>: Plaintiff is granted a final opportunity to provide Defendants with his initial disclosures. By August 1, 2023, Plaintiff shall disclose to Defendants the names and last known addresses of witnesses, documents, and other evidence presently known to Plaintiff to have a significant bearing on the claims and defenses. If Plaintiff has no witnesses, documents, or other evidence, he shall notify Defendants of such as soon as practicable, but no later than August 1, 2023.

2.) <u>Plaintiff's Deposition</u>: Within sixty (60) days of receipt of Plaintiff's disclosures or affirmation that he possesses no information to disclose, Defendants may conduct Plaintiff's deposition. If Plaintiff fails to provide the disclosures or affirmation, the deposition may be conducted between August 2, 2023, and September 30, 2023. Defendants are granted leave to conduct this deposition via video conference if they wish.

      3.) <u>Any Additional Discovery</u>: In light of the extended disclosure deadline, the discovery deadlines previously set are vacated. Instead, all discovery related to both liability and damages shall be completed by October 13, 2023.

      4.) <u>Dispositive Motions</u>: After discovery has been completed, dispositive motions may be filed on or before December 1, 2023. Oppositions briefs may then be filed on or before February 1, 2024. Any reply brief shall be filed within fourteen (14) days of the filing of the opposition brief. No sur-reply (or response to a reply) may be filed.

      5.) <u>Legal Mail</u>: In his letter to the Court, Plaintiff expressed concern about the treatment of his legal mail. (Doc. No. 16 at 6). Specifically, he alleges he has not timely received some legal mail and that the delay in receipt has interfered with his ability to comply with deadlines. In an attempt to resolve this issue, I order the Clerk of Court to mark all mailings from this court to Plaintiff in this case with a valid control number provided by the Ohio Department of Rehabilitation and Corrections so that it may be considered "legal mail" and treated as such. *See* Ohio Administrative Code § 5120-9-17(B) ("'Legal mail' is mail addressed to an inmate clearly bearing the return address of … [a] court of law… that is marked with a valid control number provided by the department.").

    So Ordered.

                                                    s/ Jeffrey J. Helmick
                                                    United States District Judge